IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> [2] CARLOS JAVIER NIEVES RIVERA, <br><br> Defendant. | CRIMINAL NO. 20-382(RAM) |

**DEFENDANT CARLOS JAVIER NIEVES RIVERA'S SENTENCING MEMORANDUM**

TO THE HONORABLE COURT:

The defendant, CARLOS JAVIER NIEVES RIVERA, ("Carlos" or "Defendant") through court appointed counsel respectfully files this Sentencing Memorandum in support of a sentence of 120 months incarceration (the minimum mandatory), which would be "sufficient but not greater than necessary" to satisfy the objectives of Title 18, United States Code, Section 3553. See United States v. Booker, 543 U.S. 220 (2005). Sentencing is scheduled for Thursday, January 11, 2023.

**BACKGROUND.**

Carlos is a 42 year old extraordinary human being who was raised in low socioeconomic conditions. Although his parents were of meager means, they instilled in him the importance of family and hard work. As a result, he had to abandon school to help his father with his work as a fisherman. During this time, Carlos also

worked to assist in the support of his siblings. As noted by his wife, Carlos is a caring and loving person; a family man who has tried to be a constant source of financial and emotional support.

In late 2007, Carlos married Angela Milagros Rivera Velázquez in Mayagüez, Puerto Rico. Together, they had one child, who is currently 13 years old and healthy.

In 2017, as a result of hurricane Maria, Carlos and his family lost their home. Shortly thereafter, he suffered an accident while working and fractured his right hand. During this time living conditions became exceedingly difficult, essentially unbearable, for Carlos and his family.

Prior to his arrest Carlos' previous jobs were related to construction work and fishing. He worked tirelessly to provide for his family. However, the money earned was hardly enough to cover the family's basic and essential necessities. Unfortunately, the wrong decisions he made when things got financially challenging placed his family in a difficult position. Carlos seeks to remedy these decisions and return to his family as soon as he completes his sentence.

## MEMORANDUM.

The sentencing of Defendant is governed by United States v. Booker, 543 U.S. 220 (2005). In Booker, the Supreme Court held that the Federal Sentencing Guidelines, as interpreted in Blakely v. Washington, 542 U.S. 296 (2004), violate the Sixth Amendment

and are no longer mandatory. As the Guidelines are now advisory, they are simply one factor among several that a sentencing court must consider in fashioning a sentence that is "sufficient but not greater than necessary" to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a)(2).

After Booker, sentencing requires two steps. First, the district court must consult the Guidelines and correctly calculate the range provided, including any departures from that range. United States v. Alli, 444 F.3d 34, 37 n.3 (1st Cir. 2006). Second, the court must consider the seven factors outlined in Section 3553(a). Id. As a result of this Booker mandated two-step analysis, a court is no longer required to impose a sentence within the Guideline range, even where there is no basis to depart. Under Section 3553(a), the key requirement is that the sentence in each case be "sufficient, but not greater than necessary."

As demonstrated in the presentence report,[1] the Booker two-step analysis supports the conclusion that a sentence of 120 months incarceration is "sufficient, but not greater than necessary."

**SENTENCING GUIDELINE RANGE.**

The first step under the Booker analysis requires this Court to correctly calculate the guideline range.

---

[1] At Docket 1216.

On August 5, 2023, Defendant filed a Motion for Change of Plea after subscribing a Plea Agreement with the Government. According to the terms of the Plea Agreement, Carlos agreed that he would plead guilty to Count One of the Indictment; conspiracy to possess with intent to distribute 150 kilograms but less than 450 kilograms of cocaine on board a vessel in violation of 46 USC §§ 70503(a)(1), 70504(b)(1) and 70506 (b). The parties agreed that the base offense level was thirty six (36) pursuant to USSG §§ 2D1.1(c). The parties further agreed that Carlos would receive a three (3) level deduction under USSG §§3E1.1(a) and (b) since he accepted responsibility for his participation in the offense, thereby establishing an adjusted base offense level of thirty-three (33). Based on the foregoing, the parties agreed to recommend a sentence of confinement of 135 months, at the lower end of the applicable sentencing guideline range; in this case, one hundred and thirty five (135) months. On October 11, 2023, Defendant entered his plea of guilty as to Count One.

### *The Effect of United States Sentencing Guideline §4C1.1 on Sentencing.*

The newly implemented USSG §4C1.1 has provided a two-level offense reduction to certain zero-point offenders based on the United States Sentencing Commission's review of their data, which shows non-violent offenders with zero criminal history points are significantly less likely to ever commit another crime. Probation

4

and the defense agree that Carlos qualifies for this provision and reduction. The effects of this change to the Guidelines go beyond reducing levels and give guidance to federal judges in determining federal sentences.

Under the above analysis, including the three-point reduction for Acceptance of Responsibility, Carlos' Guideline Range is a level 31 which yields a guideline range of 108-135 months incarceration. However, as a result of the Title 46 mandatory minimum requirement, at this juncture Carlos cannot be sentenced to less than 10 years incarceration. Such a sentence would be "sufficient but not greater than necessary" to satisfy the objectives of Title 18, United States Code, Section 3553. See United States v. Booker, 543 U.S. 220 (2005).

Carlos is a first time offender, and the Sentencing Commission has determined that "first offenders" like him usually pose the lowest risk of recidivism. See U.S. Sent. Comm'n, "Recidivism Among Federal Offenders: A Comprehensive Overview.

Based on the facts of this case and all relevant Section 3553 factors, a sentence of 120 months at this juncture would achieve all the goals of sentencing set forth in the statute and applicable case law.

**CONCLUSION.**

For the foregoing reasons, Defendant, CARLOS JAVIER NIEVES RIVERA, respectfully submits that the appropriate sentence at this time is the minimum mandatory of 120 months incarceration.

                                     Respectfully submitted,

***s/José B. Vélez-Goveo***
José B. Vélez-Goveo
USDC PR 225901
Vélez & Vélez Law Office
USDC #225901
P.O. Box 7007
Bayamón, PR 00960
T. 787-246-0486
F. 787-787-9892
Jose@velezvelezlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 9, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that this document is being served simultaneously on all counsel of record in the manner specified, either by transmission of Notices of Electronic Filing generated by CM/ECF, or in another authorized manner.

***s/José B. Vélez-Goveo***
José B. Vélez-Goveo